Country Belle Cooperative Farmers *v.* Milk
Control Commission of Pennsylvania,
Appellant.

Argued November 15, 1961. Before ERVIN, WRIGHT,
WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
(RHODES, P. J., absent).

*Marvin D. Weintraub,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*William B. Paul,* with him *Arnold V. Plum,* and *Paul, Lawrence & Rock,* for appellee.

OPINION PER CURIAM, December 14, 1961:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Allegheny County reversing an order of the Pennsylvania Milk Control Commission suspending the milk dealer's license of Country Belle Cooperative Farmers for a period of 20 days, or in lieu thereof, ordering the payment of a penalty of $1000.

The licensee is accused of violating §807 of the Milk Control Law of April 28, 1937, P. L. 417, as amended, 31 P.S. §700j-807, which provides: "No method or device shall be lawful whereby milk is bought . . . or sold . . . at a price less than the minimum price applicable to the particular transaction, whether by any discount, premium, rebate, *free service,* trading stamps, advertising allowance, . . ." (Emphasis supplied.)

The evidence establishes that the milk dealer furnished free service and parts for the refrigerators of some of its customers to whom it was selling milk wholesale at the minimum price set by the commission. The exact value of the services and parts, which in one case was valued at $71.52, is not important.

The court below stated: "The [dealer] has admitted that the cost of its services of this type is included among the expenses it submits to the Commission for use in determining its net profit. Under these circumstances there can be no doubt that the price of milk to the consumer would be forced upward if [the dealer] and other dealers serviced, without charge, the refrigerating equipment of all their customers." However,

the court concluded that "the Commission has fallen far short of indicating any widespread free-servicing practice by [the dealer]," and reversed the commission's decision because the "violations and their effect on [the dealer's] financial statement to the Commission were so small as to come within the legal maxim de minimis non curat lex . . ."

The extent to which the illegal free service affects the cost of a particular dealer, and thereby enters into the price structure, is not the issue in this case. The legislature has directed the Milk Control Commission to establish and enforce minimum prices, and unless an enforcement of the set price is applied to all dealers it will be obeyed by none. The commission found that the appellee violated the set minimum price through the free servicing of the refrigeration equipment of some of its customers. The violations found by the commission are supported by the evidence.

This case is governed by *Milk Control Commission v. Rieck Dairy Division,* 193 Pa. Superior Ct. 32, 163 A. 2d 891 (1960), allocatur to Pennsylvania Supreme Court refused, 193 Pa. Superior Ct. XXIV; *Shearer's Dairies, Inc. v. Pennsylvania Milk Control Commission,* 191 Pa. Superior Ct. 574, 159 A. 2d 268 (1960), and *Milk Maid Dairy Products, Inc. v. Pennsylvania Milk Control Commission,* 190 Pa. Superior Ct. 410, 154 A. 2d 274 (1959). It would serve no useful purpose to repeat what was said in those cases. The dealer would have us ignore these recent appellate court decisions and accept the reasoning of earlier lower court opinions not fully in accord with our decisions. Apparently the court below fell into error by doing just that.

The decision of the court is reversed, and the decision of the commission is reinstated.